**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **SKY TECHNOLOGIES, LLC** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Case No. 06CA11889** |
| **ARIBA, INC.** | § | |
| **Defendant.** | § | **Jury Trial Demanded** |

**BENCH BRIEF ON SILENCE IS NOT HEARSAY**

Federal Rule of Evidence 801 – the hearsay rule – only applies to a "statement" as that term is used in the rule. A "statement" is "(1) an oral or written assertion or (2) nonverbal conduct of a person, ***if it is intended by the person as an assertion***." FRE 801(a). As the 1972 Advisory Committee Notes to the FRE instruct:

> The effect of the definition of "statement" is to exclude from the operation of the hearsay rule all evidence of conduct, verbal or nonverbal, not intended as an assertion. The key to the definition is that ***nothing is an assertion unless intended to be one***.

Respected treatises confirm that silence is not hearsay as stated in the Advisory Committee Notes. In MCCORMICK ON EVIDENCE, under the title "Silence as Hearsay" the treatise states that:

> Although common law cases were divided as to the hearsay status of this kind of evidence, the evidence is not hearsay under the definition of hearsay in Section 246 because it is not intended as an assertion.

2 McCormick On Evidence § 250 (6th ed.).

Likewise, in Mueller and Kirkpatrick's FEDERAL EVIDENCE treatise, under the section titled "Nonassertive Behavior – Silence and Noncompliant" the treatise states that:

> Under Fed. R. Evid. 801, silence (noncompliant or absence of objection) cannot be hearsay if there is no assertive intent, and in common experience passive behavior is not an attempt to express or communicate.

4 FEDERAL EVIDENCE § 8.12 (3d ed.).

As the treatises note, there are few reported cases on this issue following the adoption of the Federal Rules of Evidence. However, the few reported cases support the admission of such evidence. In *Howe v. Hull*, 873 F. Supp. 70 (N.D. Ohio 1994), the court noted that under FRE 801:

> While silence can be assertive conduct in limited situations, the failure to say something is simply not a statement for the purposes of Rule 801. Conduct is considered to be a statement for the purposes of Rule 801 only when the actor subjectively intends the conduct to be an assertion."

*Howe*, 873 F. Supp. 70, 72.

The admissibility of this evidence is especially reliable under the circumstances presented in this case. As set forth in Mueller and Kirkpatrick's FEDERAL EVIDENCE treatise:

> Testimony by a witness who canvassed the relevant populace, asking all or a fair sample whether the event occurred or the condition existed, has a stronger claim to be treated as nonhearsay if the witness says only that he "could find nobody who knew or had heard" of the event or condition. Such testimony obviously does not escape from hearsay risks, but at least it minimizes the opportunity to misinterpret what respondents said, particularly if the questioner himself is in court and can describe what he asked.

4 FEDERAL EVIDENCE § 8.12 (3d ed.).

Respectfully submitted,

SUSMAN GODFREY L.L.P.

/s/ Lexie White

Stephen D. Susman
E-Mail: ssusman@susmangodfrey.com
State Bar No. 19521000
Max L. Tribble, Jr.
State Bar No. 20213950
E-Mail: mtribble@susmangodfrey.com
Brian D. Melton
State Bar No. 24010620
E-Mail: bmelton@susmangodfrey.com
Lexie G. White
State Bar No. 24048876
E-Mail: lwhite@susmangodfrey.com
Aimee M. Robert
State Bar No. 24046729
E-mail: arobert@susmangodfrey.com
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

William L. Prickett BBO# 555341
Email: wprickett@seyfarth.com
Erik Weibust BBO# 663270
Email: eweibust@seyfarth.com
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

Attorneys for Sky Technologies LLC

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record, this 13th day of December, 2007, as indicated below:

Geri L. Haight — ***VIA EMAIL***
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
One Financial Center
Boston, MA 02111

Robert T. Haslam — ***VIA EMAIL***
Annette Hurst
Elizabeth S. Pehrson
Heller Ehrman L.L.P.
333 Bush Street
San Francisco, CA 94104

/s/ Lexie White
Lexie White